**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GARY LANCE YOUNGBLOOD, #30374-117, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 20-cv-00707-JPG ) |
| WARDEN WILLIAMS, JOHN DOE 1, F. AHMED, and SCHNEIDER, | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Gary Youngblood is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is confined at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville). He brings this action for alleged violations of his constitutional rights by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and the Americans with Disabilities Act (ADA). (Doc. 1). Plaintiff claims he has been denied proper medical care for a hernia and exposed to unsafe conditions of confinement caused by the novel coronavirus. (*Id*. at 4-5). He seeks declaratory, monetary, and injunctive relief. (*Id*. at 10). Although Plaintiff has not yet paid his $400.00 filing fee or filed a motion for leave to proceed *in forma pauperis* (IFP), the Court will proceed with screening based on Plaintiff's request for injunctive relief discussed in more detail below.[1]  *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

---

[1] Plaintiff's filing fee or IFP motion is currently due on September 18, 2020, and Plaintiff remains bound by this deadline. (Doc. 8). Failure to pay the fee or file for IFP by the deadline shall result in dismissal of this case for failure to comply with a court order and to prosecute his claims.  *See* FED. R. CIV. P. 41(b).

1

The Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff was diagnosed with an intestinal hernia in January 2019. (Doc. 1, pp. 1-10). Although the prison's medical staff told him that surgical repair of the hernia was necessary, they indicated he would undergo surgery when they were "able to." (*Id.*). Plaintiff returned to the prison's health care unit on a monthly basis thereafter. (*Id.* at 3). He reported increasing pain and lost mobility. (*Id.*). Despite his complaints, surgery was not scheduled. (*Id.*).

When Plaintiff asked about the unnecessary delay, Dr. Ahmed said, "I can delay or deny anything I choose to[;] as long as I document it correctly in your medical records, I will have no liability." (*Id.* at 4). When Plaintiff complained of increasing pain to P.A. Schneider, she told him to "stop being a baby." (*Id.* at pp. 4-5). Plaintiff was eventually issued a $5 hernia belt because his "guts were hanging out." (*Id.* at 4, 6). However, he was provided with no other treatment for the hernia. (*Id.*). He filed this suit eighteen months after his diagnosis, while still awaiting surgery. (*Id.*). Plaintiff seeks surgical repair of his hernia with an outside specialist. (*Id.* at 10).

Plaintiff further alleges that he is highly vulnerable to serious illness or death caused by novel coronavirus infection. (*Id.* at 5). He has no spleen and is immunocompromised. (*Id.*). He also suffers from other unspecified medical conditions. (*Id.*). He explains that inmates are locked

in their cells for twenty-two hours per day, but they are released without masks for two hours. (*Id*.). During this time, they spread infection by interacting with one another and touching surfaces that are not disinfected afterward. (*Id*. at 8). Although FCI-Greenville boasts a low COVID-19 positivity rate, Plaintiff insists that this is due to the lack of testing. (*Id*.).

When he asked for a test, P.A. Schneider denied Plaintiff's request outright. (*Id*. at 6). She explained that the prison could not even provide inmates with hand sanitizer. (*Id*.). Plaintiff claims that the lack of access to proper testing and cleaning supplies poses a serious risk to inmate health and safety by causing the spread of infection. (*Id*.). He seeks an injunction requiring the BOP to provide single cell placement, access to sanitizer, and access to soap in compliance with CDC guidelines. (*Id*. at 10).

Based on the allegations and consistent with Plaintiff's designation of claims, the Court identifies the following enumerated counts in the *pro se* Complaint:

> **Count 1:** Eighth Amendment claim against Defendants for responding to Plaintiff's hernia with deliberate indifference from January 2019 to the present at FCI-Greenville.
>
> **Count 2:** Eighth Amendment claim against Defendants for their deliberate indifference to the serious risk of harm posed to Plaintiff's health and safety by the unclean conditions and unchecked spread of COVID-19 at FCI-Greenville.
>
> **Count 3:** ADA claim against Defendants for failing to provide Plaintiff with reasonable accommodations necessary to protect him from COVID-19 at FCI-Greenville.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

### Section 1983 or Bivens

Plaintiff brings Counts 1 and 2 pursuant to *Bivens* and Section 1983. Because he has named federal officials in connection with these claims, *Bivens* governs Counts 1 and 2. *Bush v. Lucas*, 462 U.S. 367, 374 (1983). *Bivens* is the federal counterpart to a civil rights action brought pursuant to 42 U.S.C. § 1983. *Id*. Both types of claims are "conceptually identical and further the same policies," so courts often look to Section 1983 and its "decisional gloss" for guidance in construing the scope of the *Bivens* remedy. *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978) (recognizing Eighth Amendment claims in *Bivens* action).

The Eighth Amendment prohibits cruel and unusual punishment of convicted persons. U.S. CONST. amend. VIII. All Eighth Amendment claims have an objective and a subjective component. To satisfy the objective component, the plaintiff must show that he suffered from an objectively, sufficiently serious deprivation. *Troya v. Wilson*, 807 F. App'x 556, 558 (7th Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016)). To satisfy the subjective component, he must establish that each defendant responded to the deprivation with deliberate indifference. *Id*.

Counts 1 and 2 survive screening under this standard. As for the objective requirements, Plaintiff's hernia and his vulnerability to COVID-19 are sufficiently serious to support an Eighth Amendment claim. As for the subjective requirement, the allegations suggest that Dr. Ahmed and P.A. Schneider responded to his hernia with deliberate indifference by delaying his request for surgery for eighteen months as his symptoms worsened, so Count 1 shall receive further review against both of them. The allegations further suggest that P.A. Schneider responded to Plaintiff's COVID-related complaints with deliberate indifference by denying his requests for testing, hand

sanitizer, and soap outright, so Count 2 shall proceed against this defendant. Because Plaintiff seeks injunctive relief in connection with both claims, Warden Williams shall remain named as a defendant, in his or her official capacity only, for purposes of implementing any injunctive relief that is ordered. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).[3]

Counts 1 and 2 shall be dismissed against all other defendants. Warden Williams and HUA John Doe are named as defendants in this action, but Plaintiff fails to mention either one in his statement of claim. A plaintiff cannot state a claim against an individual defendant merely by listing his or her name in the case caption or list of defendants. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). He also cannot pursue relief against an individual based solely on his or her supervisory role at the prison. *Respondeat superior* liability is not recognized under *Bivens*. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Liability instead requires personal involvement in or responsibility for a constitutional deprivation. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009). Plaintiff omits reference to Warden Williams and HUA John Doe in connection with Counts 1 and 2, and he does not mention Dr. Ahmed in connection with Count 2.[4] Accordingly, the claims shall be dismissed without prejudice against these defendants.

### Count 3

Plaintiff asserts an ADA claim in Count 3 against the defendants without explaining why. This claim typically arises when an inmate is a qualified individual with a disability and is denied access to a program or activity because of the disability. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667,

---

[3] Federal Rule of Civil Procedure 21 states, in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Federal Rule of Civil Procedure 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."
[4] Plaintiff's frequent references to "staff" and "medical staff" are too vague to encompass any particular defendant, such as HUA John Doe or anyone else.

672 (7th Cir. 2012). Plaintiff does not describe his disability, explain what accommodations are necessary, or allege that he was denied access to a program or activity because of the disability. He also names the wrong defendants in connection with this claim. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015) (only proper defendant for a claim under [the ADA] is the state agency or state official acting in his or her official capacity). Count 3 shall therefore be dismissed without prejudice.

## Injunctive Relief

Plaintiff seeks an injunction requiring the BOP to do the following: (a) send Plaintiff for treatment of his hernia with an outside specialist; (b) place all BOP inmates in a single cell in order to maintain proper social distancing during the COVID pandemic; and (c) provide BOP inmates with access to soap and hand sanitizer to prevent the spread of infection. (Doc. 1, p. 10). The Court construes these requests as being for injunctive relief *at the close of the case*. This is because Plaintiff did not specifically request interim relief, file a separate motion for temporary restraining order ("TRO") or preliminary injunction, or refer to Federal Rule of Civil Procedure 65.

Out of an abundance of caution, the Court shall direct the Clerk to separately docket a Motion for Preliminary Injunction under Federal Rule of Civil Procedure 65. If Plaintiff requires interim relief at this time, he must file an affidavit and memorandum in support of the motion within fourteen (14) days. There, he should state the exact relief he seeks and set forth a brief statement of the facts that support his request for a preliminary injunction. If he does not file a supporting motion and affidavit on or before **September 4, 2020**, the Motion for Preliminary Injunction will be denied. Thereafter, Plaintiff may file a motion seeking a TRO and/or preliminary injunction at any time it becomes necessary to do so during the pending action.

**Pending Motion**

Plaintiff's Motion to Waive PLRA Exhaustion Requirement (Doc. 2) is **DENIED**. This requirement is imposed by the Prison Litigation Reform Act, 42 U.S.C. 1997e(a), and the Court has no discretion to waive it. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). With that said, Plaintiff is not required to exhaust administrative remedies that are *unavailable*. *See* 42 U.S.C. 1997e(a). Because he affirmatively alleges that the grievance process is unavailable, the Complaint is not subject to dismissal for failure to exhaust his administrative remedies at this early stage. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal is appropriate only "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous"). However, he will be required to demonstrate that he properly exhausted available administrative remedies before filing suit, if the defendants file a motion for summary judgment on the issue.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening. **COUNT 1** will receive further review against Defendants **AHMED** and **SCHNEIDER**, and **COUNT 2** will proceed against Defendant **SCHNEIDER**. Defendant **WILLIAMS** (official capacity only) shall remain named in this action for purposes of implementing any injunctive relief that is ordered herein.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendants **WILLIAMS** (individual capacity) and **JOHN DOE**; **COUNT 2** is **DISMISSED** without prejudice against Defendants **WILLIAMS** (individual capacity), **JOHN DOE**, and **AHMED**; and **COUNT 3** is **DISMISSED** without prejudice against **ALL DEFENDANTS** for failure to state a claim for relief.

**The Clerk of Court is DIRECTED to do the following: <u>ADD a Motion for Preliminary Injunction to the docket sheet in CM/ECF; ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act; and TERMINATE Defendants WARDEN WILLIAMS (individual capacity only) and JOHN DOE (individual and official capacities) as parties in CM/ECF</u>.**

Plaintiff is **ORDERED** to file an Affidavit and/or Memorandum in Support of Motion for Preliminary Injunction on or before **SEPTEMBER 4, 2020**. Failure to do so shall result in dismissal of the motion. He may renew this request at any time it becomes necessary during the pending action.

With regard to **COUNTS 1** and 2, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **AHMED, SCHNEIDER,** and **WILLIAMS** (official capacity only); the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **AHMED**, **SCHNEIDER,** and **WILLIAMS** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process." All costs of service shall be advanced by the

United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

 **IT IS SO ORDERED.**

 **DATED: 8/20/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.